ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

MAX MORENO,              :

               Plaintiff,   :   05 Civ. 7768 (LMM)(HBP)

  -against-             :   MEMORANDUM OPINION
                                   AND ORDER

EMPIRE CITY SUBWAY CO.,  :

               Defendant.   :

------------------------------------X

PITMAN, United States Magistrate Judge:

       This is a diversity action in which plaintiff alleges that he suffered injuries when a truck he was driving fell into a hole in a roadway created by defendant. Defendant allegedly excavated the hole to service underground telephone cables. Although defendant had covered the hole with a steel plate, plaintiff alleges that the plate was improperly secured and, as a result, plaintiff's truck fell into the excavation. Plaintiff alleges that he suffered a herniated disc at the C6-C7 level and is now permanently disabled from working.

       The parties currently have a discovery dispute concerning the scope of discovery regarding plaintiff's medical records. Although the parties' submissions are somewhat sketchy, it appears that plaintiff has, in the past, suffered from both physical conditions and depression. With respect to the former, defendant appears to be seeking virtually all medical records

back to 1991.  Plaintiff objects and claims that defendant is not entitled to discovery concerning unrelated conditions.  With respect to the latter, defendant appears be seeking medical records to the extent that they disclose prior physical injuries.  In other words, defendant does not appear to be seeking records concerning the cause of and treatment for plaintiff's depression.  Rather, defendant is seeking disclosure only of evidence concerning prior physical injuries that were disclosed during the course of plaintiff's treatment for depression.

Turning first to the medical records concerning plaintiff's physical condition, I conclude that medical records concerning either related injuries or conditions that resulted in a permanent deficit are discoverable.  The former are discoverable because they may bear on the causation of the injuries plaintiff currently claims and the extent of those injuries.  The latter are relevant because they bear on plaintiff's claimed loss of enjoyment of life.  It is at least arguable that any physical limitations plaintiff had before the accident, whether or not they are related to the injury in issue, are relevant to the jury's assessment of the extent of the loss of enjoyment of life attributable to the accident.  See Geraci v. Nat'l Fuel Gas Distrib. Corp., 255 A.D.2d 945, 946, 680 N.Y.S.2d 776, 777-78 (4th Dep't 1998); Conrad v. Park, 204 A.D.2d 1011,

1012, 612 N.Y.S.2d 524, 525 (4th Dep't 1994).[1] In contrast, transitory conditions are irrelevant because they have no lasting affect on a plaintiff's ability to enjoy life.[2] Accordingly, plaintiff is directed to provide releases to defendant to the health care providers identified by defendant authorizing the release of (1) related injuries and (2) all injuries or conditions that resulted in a permanent deficit. For purposes of discovery only,[3] I conclude that all injuries to plaintiff's spine are related injuries.

Turning to the records of plaintiff's prior treatment for depression, the same principles apply. Plaintiff is directed to provide defendant with a release of the records of treatment of plaintiff's depression to the extent that those records

---

[1] Plaintiff cannot block relevant discovery concerning his physical condition by asserting the physician-patient privilege. By commencing this action, plaintiff waived the privilege. Koump v. Smith, 25 N.Y.2d 287, 294, 250 N.E.2d 857, 861, 303 N.Y.S.2d 858, 864 (1969) ("We hold, therefore, that by bringing or defending a personal injury action in which mental or physical condition is affirmatively put in issue, a party Waives the privilege.").

[2] Examples of transitory conditions that would be irrelevant include a simple fracture that heals without complications or a respiratory infection that runs its course without sequelae.

[3] My determination that prior injuries to plaintiff's spine are discoverable is not intended as a ruling concerning their relevance at trial. What bearing, if any, plaintiff's prior spinal injuries have to the injuries claimed here is an issue for Judge McKenna and the jury.

disclose either related injuries or conditions or injuries or conditions that resulted in a permanent deficit.

Finally, after the releases are provided to defendant, I strongly suggest that defendant subpoena the pertinent records from the relevant health care providers. A request to a health care provider accompanied by a release is unenforceable in this Court; in such circumstances I have no jurisdiction over the witness and can take no action. A subpoena, on the other hand, is the process of the court that can be enforced.

Accordingly, no later than ten days from the date of this Order, plaintiff is directed to provide defendant with the releases described herein.

Dated: New York, New York
July 18, 2006

SO ORDERED

*[signature]*
HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Michael E. Greenspan, Esq.
Greenspan & Greenspan
Suite 605
150 Grand Street
White Plains, New York 10601

Matthew B. Matera, Esq.
Conway, Farrell, Curtin & Kelly, P.C.
20th Floor
49 Wall Street
New York, New York 10005

4