```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

MAX MORENO,                        :

                Plaintiff,         :    05 Civ. 7768 (LMM)(HBP)

    -against-                      :    OPINION
                                        AND ORDER
EMPIRE CITY SUBWAY CO.,            :

                Defendant.         :

-----------------------------------X
```

PITMAN, United States Magistrate Judge:

I. Introduction

Plaintiff moves pursuant to Fed.R.Civ.P. 37(c)(1)(A) for fees and costs incurred in the successful litigation of his motion to preclude defendant from calling an expert witness. Plaintiff requests fees in the amount of $6,154.50. Plaintiff's motion is granted; plaintiff is awarded attorney's fees and costs in the amount of $2,862.88.

II. Facts

   A. The Discovery Dispute

The facts giving rise to plaintiff's fee application are undisputed. On April 16, 2007 plaintiff moved to preclude defendant from calling Dr. Edward Weiland and Dr. David Payne as expert witnesses at trial on the grounds that defendant had

failed to provide plaintiff a complete list of cases in which each had testified in the last four years and that both of them had failed to sign a disclosure statement as required by Fed.R.Civ.P. 26(a)(2)(B) (Letter from Michael E. Greenspan to the undersigned, dated April 16, 2007). Defendant opposed that application and conferences concerning the matter were held on May 7 and May 23, 2007. During the May 23 conference, I granted plaintiff's motion to preclude defendant from calling Dr. Weiland as an expert witness on the basis of Dr. Weiland's unjustifiable failure to comply with the disclosure requirements of Fed.R.Civ.P. 26(a)(2). I also found that, pursuant to Fed.R.Civ.P. 37(c)(1), plaintiff was entitled to fees in connection with his motion to preclude, and I instructed plaintiff's counsel to submit an affidavit in support of such fees within seven days of that conference (Order dated May 24, 2007, Docket Item 18).

    B.   The Pending
        <u>Fee Application</u>

Plaintiff currently seeks attorneys' fees in the amount of $6,120.00 and expenses in the amount of $34.50 in connection with his Rule 37 motion.

Plaintiff's counsel, Michael E. Greenspan, Esq., has been licensed to practice law in the State of New York since 1992. He is a member of the Bar of the United States District

Courts for the Southern and Eastern Districts of New York as well as the District of Connecticut and is a member of the Bar of the United States Court of Appeals for the Second and the Eleventh Circuits. He has lectured at continuing legal education seminars on trial advocacy and insurance practice. Mr. Greenspan is also a member of the New York State Bar Association's committee on the Civil Practice Law and Rules. Mr. Greenspan seeks compensation at a rate of $400 per hour, stating that is the rate at which he charges commercial clients for his services. (Declaration of Michael E. Greenspan, Esq. in Support of Plaintiff's Motion for Costs pursuant to Fed.R.Civ.P 37, executed May 29, 2007, ("Greenspan Decl.") at ¶ 2).

Plaintiff's counsel seeks compensation for the following activities related to the discovery dispute:

| Date | Time | Cost | Counsel's Description of Activity |
|---|---|---|---|
| 11/27/2006 | 0.30 | 120.00 | Review of Dr. Weiland's report |
| 01/15/2007 | 0.20 | 80.00 | Draft letter to Judge Pitman |
| 01/15/2007 | 0.70 | 280.00 | Legal Research re: rule 26 |
| 02/09/2007 | 0.50 | 200.00 | Final revision to and completion of discovery demands expert [sic] |
| 02/12/2007 | 0.10 | 40.00 | Review of email from list server re: Dr. Weiland |
| 02/12/2007 | 0.10 | 40.00 | Tel. conf. w/ Beatty firm re: Dr. Weiland |

| Date | Hours | Amount | Description |
|---|---|---|---|
| 03/25/2007 | 0.20 | 80.00 | Telephone conference w/adversary re: discovery |
| 04/03/2007 | 0.20 | 80.00 | Draft letter to adversary re: discovery |
| 04/13/2007 | 0.30 | 120.00 | Conf. w/ LJG re: tactics and strategy |
| 04/16/2007 | 0.40 | 160.00 | Revision to letter to court seeking preclusion of doctors' te [sic] |
| 04/16/2007 | 1.50 | 600.00 | Draft letter to Judge Pitman Rule 37 |
| 05/07/2007 | 1.00 | 400.00 | Preparation for oral argument on Rule 37 motion |
| 05/07/2007 | 4.00 | 1,600.00 | Travel for and attendance at oral argument on Rule 37 motion |
| 05/07/2007 | 0.20 | 80.00 | Final revision to and completion of memo to LJG re: outcome of motion |
| 05/11/2007 | 0.40 | 160.00 | Draft to declaration of fees |
| 05/16/2007 | 1.00 | 400.00 | Legal Research re: Weiland |
| 05/23/2007 | 3.90 | 1,560.00 | Travel for & attendance at oral argument before Magistrate Judge on Rule 37 motion |
| 05/24/2007 | 0.30 | 120.00 | Draft memo to LJG re; oral argument |

**Total:** 15.3 $6,120

(Detail Transaction File List, annexed as Exhibit 1 to Greenspan Decl. ("Trans. List")).

In addition to the foregoing fees, counsel also seeks the cost of transportation expenses for the May 7, 2007 and May 23, 2007 conferences in the amount of $34.50 (Trans. List).

III. <u>Analysis</u>

    A. <u>Applicable Principles</u>

Plaintiff may recover "the reasonable expenses [incurred in making his Rule 37 motion], including attorney's fees." Fed.R.Civ.P. 37(c)(1)(A). "In determining a 'presumptively reasonable fee,' a court must determine 'what a reasonable paying client would be willing to pay' for the legal services, in other words, the appropriate market rate for counsel over the course of the number of hours appropriately worked." <u>Torres v. City of New York</u>, 07 Civ. 3473 (GEL), 2008 WL 419306 at *1 (S.D.N.Y. Feb. 14, 2008), <u>quoting</u> <u>Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany</u>, 493 F.3d 110, 112 (2d Cir. 2007).[1]

> [T]he district court should, in determining what a reasonable, paying client would be willing to pay, consider factors including, but not limited to, the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel

---

[1] The calculation described in the text was previously described as the "lodestar" calculation. The Court of Appeals has recently concluded the "value of this term as a metaphor has deteriorated to the point of unhelpfulness" and, at least in one opinion, has abandoned its use. The Court of Appeals has not, however, required its future panels to abandon the term. <u>Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany</u>, <u>supra</u>, 493 F.3d at 117 & n.4.

5

>           (if any), the resources required to prosecute the case
>           effectively (taking account of the resources being
>           marshaled on the other side but not endorsing scorched
>           earth tactics), the timing demands of the case, whether
>           the attorney had an interest (independent of that of
>           his client) in achieving the ends of the litigation or
>           initiated the representation himself, whether the
>           attorney was initially acting pro bono (such that a
>           client might be aware that the attorney expected low or
>           non-existent remuneration), and other returns (such as
>           reputation, etc.) the attorney expected from the repre-
>           sentation.

Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, supra, 493 F.3d at 112; accord Trustees of the Local 813 I.B.T. Ins. Trust Fund v. Amanda Carting Corp., 07 Civ. 656 (FB)(KAM), 2007 WL 4324019 at *5 n.5 (E.D.N.Y. Dec. 7, 2007); see also McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund, 450 F.3d 91, 96 (2d Cir. 2006).

The salient aspects of the fee inquiry were comprehensively but succinctly summarized in McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund, supra, 450 F.3d at 96-97:

>           In calculating attorney's fee awards, district courts
>           use the lodestar method-hours reasonably expended
>           multiplied by a reasonable hourly rate. See A.R. ex
>           rel. R.V. v. New York City Dept. of Ed., 407 F.3d 65,
>           79 (2d Cir. 2005); see Chambless v. Masters, Mates &
>           Pilots Pension Plan, 885 F.2d 1053, 1058 (2d Cir.
>           1989). In order to calculate the reasonable hours
>           expended, the prevailing party's fee application must
>           be supported by contemporaneous time records, affida-
>           vits, and other materials. See Chambless, 885 F.2d at
>           1058; New York State Ass'n for Retarded Children v.
>           Carey, 711 F.2d 1136, 1147-48 (2d Cir. 1983). A dis-
>           trict court may exercise its discretion and use a
>           percentage deduction "'as a practical means of trimming
>           fat from a fee application,'" Kirsch v. Fleet St.,

> Ltd., 148 F.3d 149, 173 (2d Cir. 1998) (quoting Carey, 711 F.2d at 1146), and the Supreme Court has been careful to note that only those hours "reasonably expended" are to be awarded. See Hensley v. Eckerhart, 461 U.S. 424, 434-35, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). A reasonable hourly rate is a rate "in line with . . . prevailing [rates] in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); Chambless, 885 F.2d at 1058-59. A district court may also use its knowledge of the relevant market when determining the reasonable hourly rate. See Miele v. New York State Teamsters Conference Pension & Ret. Fund, 831 F.2d 407, 409 (2d Cir. 1987).

The hours actually expended and the rates actually charged are, of course, not dispositive. Foster v. Kings Park Cent. Sch. Dist., 174 F.R.D. 19, 27 (E.D.N.Y. 1997). An award of fees must be limited to the number of hours reasonably expended and limited to reasonable hourly rates. As the Second Circuit has cautioned: "[A]ttorney's fees are to be awarded with an eye to moderation, seeking to avoid either the reality or the appearance of awarding windfall fees." New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1139 (2d Cir. 1983) (internal citations and quotations omitted).

B. Reasonableness of
   the Hours Expended

The Honorable Loretta A. Preska, United States District Judge, has summarized the factors to be considered in assessing the reasonableness of the hours claimed in a fee application:

> To assess the reasonableness of the time expended by an attorney, the court must look first to the time and work as they are documented by the attorney's records. See Forschner Group, Inc. v. Arrow Trading Co., Inc., No. 92 Civ. 6953 (LAP), 1998 WL 879710, at *2 (S.D.N.Y. Dec. 15, 1998). Next the court looks to "its own familiarity with the case and its experience generally . . . . Because attorneys' fees are dependent on the unique facts of each case, the resolution of the issue is committed to the discretion of the district court." AFP Imaging Corp. v. Phillips Medizin Sys., No. 92 Civ. 6211 (LMM), 1994 WL 698322, at *1 (S.D.N.Y. Dec. 13, 1994) (quoting Clarke v. Frank, 960 F.2d 1146, 1153 (2d Cir. 1992) (quoting DiFilippo v. Morizio, 759 F.2d 231, 236 (2d Cir. 1985))).
>
> . . . .
>
> Finally, billing judgment must be factored into the equation. Hensley, 461 U.S. at 434; DiFilippo, 759 F.2d at 235-36. If a court finds that the fee applicant's claim is excessive, or that time spent was wasteful or duplicative, it may decrease or disallow certain hours or, where the application for fees is voluminous, order an across-the-board percentage reduction in compensable hours. In re "Agent Orange" Products Liab. Litig., 818 F.2d 226, 237 (2d Cir. 1987) (stating that "in cases in which substantial numbers of voluminous fee petitions are filed, the district court has the authority to make across-the-board percentage cuts in hours 'as a practical means of trimming fat from a fee application'" (quoting Carey, 711 F.2d at 1146)); see also United States Football League v. National Football League, 887 F.2d 408, 415 (2d Cir. 1989) (approving a percentage reduction of total fee award to account for vagueness in documentation of certain time entries).

Santa Fe Natural Tobacco Co. v. Spitzer, 00 Civ. 7274 (LAP), 00 Civ. 7750 (LAP), 2002 WL 498631 at *3 (S.D.N.Y. Mar. 29, 2002); see also Hensley v. Eckerhart, 461 U.S. 424, 434 (1983); accord Gierlinger v. Gleason, 160 F.3d 858, 876 (2d Cir. 1998); Orchano v. Advanced Recovery, Inc., 107 F.3d 94, 98 (2d Cir. 1997);

Sulkowska v. City of New York, 170 F. Supp.2d 359, 365 (S.D.N.Y. 2001).

The party seeking fees bears the burden of establishing that the number of hours for which compensation is sought is reasonable. Cruz v. Local Union No. 3 of the Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1160 (2d Cir. 1994), citing Hensley v. Eckerhart, supra, 461 U.S. at 437; Patrolmen's Benevolent Ass'n of the City of New York v. City of New York, 97 Civ. 7895 (SAS), 98 Civ. 8202 (SAS), 2003 WL 21782675 at *2 (S.D.N.Y. July 31, 2003), citing Blum v. Stenson, 465 U.S. 886, 897 (1984).

Counsel has submitted a declaration attaching a printout of what appear to be contemporaneous time records, as required by New York State Ass'n for Retarded Children, Inc. v. Carey, supra, 711 F.2d at 1147-48. The time records set forth the date on which services were performed, the hours spent and the nature of the work performed. See Wells Fargo Bank v. BrooksAmerica Mortgage Corp., 02 Civ. 4467 (HB), 2004 WL 2754855 at *1 (S.D.N.Y. Dec. 1, 2004), citing Mikes v. Straus, 274 F.3d 687, 706 (2d Cir. 2001). Such a submission clearly meets the evidentiary threshold for the recovery of attorney's fees. Tri-Star Pictures, Inc. v. Unger, 42 F. Supp.2d 296, 302-03 (S.D.N.Y. 1999) ("The actual original time sheets are not necessary; submitting an affidavit and attaching a computer printout of the pertinent contemporaneous time records is acceptable.").

As noted above, plaintiff's counsel seeks compensation for a total of 15.30 hours of his time.

Defendant objects to several aspects of plaintiff's counsel's time records. First, defendant argues that several of plaintiff's billing entries should be rejected because they are vague and might refer to services rendered concerning other aspects of the case. Specifically, defendant argues that the Court should not award fees for plaintiff's January 15, 2007 entry "Draft letter to Judge Pitman, as well as "[a]ll other vague transactions" (Affirmation of Matthew Matera in Opposition to plaintiff's motion for attorney fees, Docket Item 20, ("Deft. Opp.") at 2).

A court may reduce a party's fee request where the attorney's method of billing makes it impossible to identify the work specifically related to the subject matter of the fee request and to separate it from unrelated work. Phoenix Four, Inc. v. Strategic Resources Corp., 05 Civ. 4837 (HB), 2006 WL 2135798 at *2 (S.D.N.Y. Aug. 1, 2006). See also Klimbach v. Spherion Corp., No. 03-CV-6111, 2006 WL 3751263 at *5 (W.D.N.Y. Dec. 15, 2006); Ass'n of Holocaust Victims, 04 Civ. 3600 (SWK), 2005 WL 3099592, at *7 (S.D.N.Y. Nov. 17, 2005).

I agree with defendant that plaintiff should not be compensated in whole for the January 15 entry. The entry appears to refer to Mr. Greenspan's letter dated January 23, 2007, which

addresses a number of discovery matters and only briefly mentions the issue of defendant's expert witnesses (Letter from Mr. Greenspan to the undersigned, dated January 23, 2007). Plaintiff's March 25, 2007 and April 3, 2007 entries for a telephone conversation with, and a letter to, defendant's counsel regarding discovery are also vague; since there were other discovery issues pending at the time, it is impossible to determine whether these services related only to defendant's expert witnesses.

Second, defendant argues that plaintiff's counsel cannot recover fees that he would not normally charge to his own client. Defendant refers specifically to internal conversations Mr. Greenspan had with his partner "LJG" on April 13, 2007 and inter-office memoranda that he drafted on May 7 and May 24, 2007 (Deft. Opp. at 2). Defendant cites no authority for the proposition that counsel may not recover costs from clients for time spent consulting with colleagues about a case. I do find, however, that plaintiff counsel's entry for a memorandum regarding the outcome of the motion, drafted on May 7, 2007, before the motion was decided, to be facially inappropriate. I also find that the memorandum drafted on May 24, 2007, after my ruling on the motion, is not an appropriate item because it logically could not have been an expense incurred in litigating the motion.

Defendant argues next that plaintiff cannot request costs incurred for legal research because "computer research is

not recoverable as costs in attorneys' fees application [sic]" (Deft. Opp. at 2, citing United States v. Merritt Meridian Constr. Corp., 95 F.3d 153, 173 (2d Cir. 1996)). Plaintiff's time records do not describe the legal research costs to include the cost of computerized legal research system. Rather, plaintiff's submission indicates that he is seeking costs for the time he spent conducting legal research. Defendant also takes issue with plaintiff's having done legal research after the May 7 conference but before the May 23 conference since "no additional or new legal issues were going to be discussed at the second conference" (Deft. Opp. at 2-3). I cannot, however, fault plaintiff's counsel for endeavoring to more fully understand the law concerning plaintiff's motion prior to a second conference. Thus, I reject defendant's arguments regarding plaintiff's legal research costs.

Defendant also argues that plaintiff's counsel is not entitled to fees associated with drafting his declaration for fees because it "is not related to the motion" (Deft. Opp. at 3). However, it is well settled that "[t]he time expended in preparing the application for costs and attorneys' fees is itself compensable under Rule 37 of the Federal Rules of Civil Procedure." Fox v. County of Cayuga, 02 Civ. 1445 (HGM)(DEP), 2006 WL 2772730 at *2 (N.D.N.Y. Sept. 22, 2006). See Ottaviani v. State Univ. of New York, 77 Civ. 6259 (SWK), 1986 WL 9235 at *2

12

(S.D.N.Y. Aug. 11, 1986) (counsel entitled to reasonable time spent preparing fee application relating to the successful litigation of a Rule 37 motion); see generally Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC, 497 F.3d 133, 137 (2d Cir. 2007) ("[A]ttorneys are to be recompensed for time spent litigating attorney's fees."). Thus, plaintiff's counsel may be awarded fees associated with his application for fees.

Defendant next argues that the fees plaintiff's counsel has requested for travel to and from the May 7 and May 23 conferences is excessive since each conference only took about 45 minutes, and counsel should not be reimbursed at 100% of his hourly rate for time spent traveling (Pl. Opp. at 3). In considering plaintiff's fee application I have reviewed the recordings of both conferences and find that defendant's estimate of 45 minutes for each conference is accurate. As defendant points out, attorney-fee awards in the Southern District of New York frequently compensate travel expenses at 50% of counsel's reasonable hourly rate, see Garcia v. Yonkers School Dist., 499 F. Supp.2d 421 (S.D.N.Y. 2007); Broome v. Biondi, 17 F. Supp.2d 230 (S.D.N.Y. 1997); Williams v. New York City Housing Auth., 975 F. Supp. 317 (S.D.N.Y. 1997), and I shall apply this adjustment in calculating plaintiff's fee. Plaintiff's counsel requests compensation for a total of 7.9 hours for travel to and attendance at the May conferences. I find that plaintiff should be

13

compensated at a reasonable hourly rate for 1.5 hours of that time, representing the total estimated time in court, and at one-half of that rate for the remainder, or 6.4 hours, of what appears to be travel time. I shall accomplish this adjustment by deducting 3.2 hours (one-half the travel time) from the total hours for which plaintiff requests compensation.

Last, I agree with defendant that plaintiff cannot be reimbursed for "revision to and completion of discovery demands," because that work is not directly related to plaintiff's motion to preclude (Deft. Opp. at 3; Trans. List).

Thus, I find that plaintiff is seeking fees for more time than was reasonably necessary to litigate his Rule 37 motion. Because some of counsel's time entries suffer from vagueness or appear to be improper, yet those entries do not constitute a large portion of plaintiff's total fee application, I shall reduce the remaining number of hours for which plaintiff's counsel seeks costs by 15%. See e.g. Sea Spray Holdings, Ltd. v. Pali Fin. Group, Inc., 277 F. Supp.2d 323, 326 (S.D.N.Y. 2003) (reducing fees by 15% for time entries that were vague or improper). Thus I award plaintiff's counsel compensation for 10.285 (85% of (15.30 - 3.20)) hours of work at a reasonable hourly rate.

C.  Reasonable
    Hourly Rate

Plaintiff's counsel has submitted a description of his credentials and requests compensation at a rate of $400 per hour, since that is his normal billing rate and the rate at which he bills his firm's commercial clients (Greenspan Decl. at ¶ 2).[2] Defendant objects, arguing that $400 is an unreasonable rate for plaintiff's case and that it is irrelevant that plaintiff's commercial clients pay that rate (Deft. Opp. at 1).

The hourly rates used in making a fee award should be market rates "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, supra, 465 U.S. at 896 n.11; accord Reiter v. MTA New York City Tran. Auth., 457 F.3d 224, 232 (2d Cir. 2006), cert. denied, 127 S.Ct. 1331 (2007). In addition, the rates used should be current, and not historic, rates, i.e., rates applicable at the time of the Court's decision, Farbotko v. Clinton Co., 433 F.3d 204, 210 n.11 (2d Cir. 2005); Gierlinger v. Gleason, 160 F.3d 858, 882 (2d Cir. 1998), and should be based on prevailing rates in the forum district. A.R. ex rel. R.V. v. New York City Dep't of Educ., 407 F.3d 65, 79 (2d Cir. 2005); Polk v. New York State Dep't of Corr.

---

[2]It is not clear from plaintiff's counsel's declaration whether he is being compensated for his work on this case on a contingent basis (Greenspan Decl. at ¶ 4).

15

Servs., 722 F.2d 23, 25 (2d Cir. 1983). In determining what a reasonable hourly rate is, the court should not only consider the rates approved in other cases in the District, but should also consider any evidence offered by the parties. Farbotko v. Clinton Co., supra, 433 F.3d at 208-09. The Court is also free to rely on its own familiarity with prevailing rates in the District. A.R. ex rel. R.V. v. New York City Dep't of Educ., supra, 407 F.3d at 82; Miele v. New York State Teamsters Conference Pension & Ret. Fund, 831 F.2d 407, 409 (2d Cir. 1987). "[T]he fee applicant has the burden of showing by 'satisfactory evidence -- in addition to the attorney's own affidavits' -- that the requested hourly rates are the prevailing market rates." Farbotko v. Clinton Co., supra, 433 F.3d at 209, quoting Blum v. Stevenson, supra, 465 U.S. at 896 n.11.

Despite the burden being on plaintiff's counsel to establish the reasonableness of his hourly rate, he has submitted no evidence of the prevailing market rate for attorneys of like skill litigating cases similar to plaintiff's, i.e. negligence and personal injury cases. Thus, it is within my discretion to determine the reasonable hourly rate at which plaintiff's counsel should be compensated based on my familiarity with plaintiff's case and the prevailing rates in the Southern District.

In this district, the hourly rates awarded to civil litigators in small firms have frequently ranged from about $200

to $300. See Leyes v. Corp. Collection Servs., Inc., 03 Civ. 8491 (DAB)(RLE), 2008 WL 731976 at *2 (S.D.N.Y. Mar. 19, 2008) (finding $225 a reasonable hourly rate for attorney in consumer protection case); Marano v. Aaboe, 05 Civ. 9375 (BSJ)(RLE), 2007 WL 3195156 at *3 (S.D.N.Y. Oct. 29, 2007) (awarding fees pursuant to Fed.R.Civ.P. 37 at a rate of $215 per hour where counsel failed to affirm that the rate she requested, $315 per hour, was the rate at which she would charge her client were she not working on a contingency basis); Reiter v. Metro. Transp. Auth., 01 Civ. 2762 (GWG), 2007 WL 2775144 at *8 (S.D.N.Y. Sept. 25, 2007) (awarding counsel in employment retaliation case $275 per hour and declining to award more where counsel was from a small firm and failed to establish an expertise or recognition in the field of employment law); Tlacoapa v. Carregal, 386 F. Supp.2d 362, 370 (S.D.N.Y. 2005) (rejecting counsel's requested rate of $375 per hour and awarding $250 per hour); Granada Sales Corp. v. Amur, 02 Civ. 6682 (HB)(RLE), 2003 WL 21383821 at *3-4 (S.D.N.Y. 2003) (approving a rate of $236 per hour for an experienced copyright litigator and noting that rates of $250 per hour are typical for experienced litigators in this district). Hence, I find that Greenspan should be compensated at a rate of $275 per hour.

D. Travel Expenses

Defendant does not object to the travel expenses sought by Plaintiff, $34.50 ($17.25 for each day counsel appeared in court), which appear to be reasonable.

E. Summary

I conclude that plaintiff's counsel is entitled to recover $2,828.38 in attorneys' fees (10.285 hours at a rate of $275/hour) and $34.50 in expenses.

Accordingly, the total amount of the fee award is $2,862.88.

IV. Conclusion

Accordingly, for all the foregoing reasons, defendant is to remit to plaintiff the sum of $2,862.88 within ten (10) days of the date of this order.

Dated: New York, New York
March 26, 2007

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Michael E. Greenspan, Esq.
Greenspan & Greenspan
Suite 605
150 Grand Street
White Plains, New York  10601

Matthew S. Matera, Esq.
Conway, Farrell, Curtin & Kelly
20th Floor
48 Wall Street
New York, New York  10005